Withers, J.
delivered the opinion of the Court.
Upon looking into the record, we observe that the plaintiff charges the defendant — 1st, That at a time stated, (May, 1838,) the defendant, in consideration of a .horse sold to him by plaintiff, transferred the note, described in the report, to plaintiff, in part payment — and, for the consideration stated, promised to pay to him the said note, in case the plaintiff should be unable to collect the same from D. Garrett, the maker: alleging that he had been unable to collect, and so forth. 2d, That the defendant owes the plaintiff twenty dollars for a horse sold, «fee. 3d. Charging defendant as the maker of the note.
It will be observed, from the report, that there was a special contract between the parties, which it was the purpose of the plaintiff to set forth in the first count. A material ingredient of it was, that he should sue Garrett, the drawer of the note, to the next succeeding Court. This was not done. Suppose, then, we consider Butler to be a guarantor; yet he was a special guarantor, and a material condition upon which his liability was to accrue has not been alleged or complied with, or explained to have been dispensed with or to-have become impossible. No difficulty aiises from the rule that verbal agreements shall not be admitted to vary or contradict a written undertaking; for besides that the circumstances of the case exclude that question, the plaintiff has himself undertaken to rely upon a statement of the special parol agreement. The consideration upon which the liability of the defendant rested was not only the horse delivered to him, but the further act of the plaintiff in suing Garrett to the next succeeding term — so that there was an ingredient in the consideration for the defendant’s promise, executory on the part of the plaintiff. It has been urged here that this circumstance was immaterial, as there was proof that Garrett was insolvent. But non constat that it was indifferent to Butler whether Garrett was sued to the next term. He thought it worth while to stipulate for it, and the plaintiff promised.
Less certainty is required in stating the subject matter of an executed consideration than one that is executory. (Vide Chitty Pl. 1, 297.) But the whole consideration of the defendant’s contract must in either case be stated, and if this consist of several things, and especially of something to be done by the plaintiff, none can be omitted, unless frivolous or void. Admitting, therefore, that Garrett was proved to be insolvent, yet the plaintiff would fail upon his first count. Where the contract was stated to be “that the defendant should deliver to the plaintiff all his tallow, at 4 shillings per stone, and that proved, was, that defendant should deliver *195 it at 4 shillings per stone, and so much more as the plaintiff paid to any other person” the plaintiff failed.—Churchill v. Wilkins, 1 T. R. 447. In covenant to repair, omitting an exception in the covenant “of fire and all other casualties,” is fatal on the general issue.
It is not necessary to say any thing on the second count.
3. The defendant cannot be held as a drawer or maker of the note. His name was endorsed upon it after it was due, and he could not, therefore, have promised to pay, as maker, according to its terms. He was no party to the note at its inception. And this constitutes a glaring distinction between this case and those of Stoney v. Beaubien, 2 McM. 313, and of Cockrell v. Milling, 1 Strob. 444. Where a party merely puts his name on the back of a note at the time it is executed, and doing this act is part and parcel of the contract with the payee, as was the fact in the two cases last cited, the Court will give effect to the obvious intention of the party to incur a liability to pay the note, in any form which .the law will sanction. But how can we hold a party a maker of the note in the present case? The tiin'e when the transaction took place is enough to forbid that — and when we add the proof that there'was a special contract, whereby the party was to become liable, not absolutely, but upon a condition, the point seéms to be concluded.
We shall not volunteer to lay down any doctrine upon the question, somewhat mooted in argument, whether demand and refusal and notice were matters to be established by the plaintiff — for .such questions are pertinent to a character in which the defendant is not sued. There are no counts against him as endorser or drawer of a bill of exchange, and hence we need not consider whether (the special contract being out of the question¡I he could be viewed in either of those characters, and what legal obligations might thereupon rest upon each party. The motion is refused.
Richardson, J. O’Neall, J. Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion refused.